1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FILED
CLERK, U.S. DISTRICT COURT

JUN 2 2 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

NOTE CHANGES MADE BY THE COURT.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Federal Trade Commission,** | SA-CV-99-1266 AHS (EEx) |
| Plaintiff, | ~~(Proposed)~~ |
| v. | **Preliminary Injunction Order** |
| **Data Medical Capital, Inc., et al.,** | Date and Time of Preliminary Injunction Hearing: June 8, 22, 2009 at 10:00 a.m. |
| Defendants. | Judge Alicemarie H. Stotler |



Plaintiff Federal Trade Commission ("FTC" or the "Commission") filed an Application for a Temporary Restraining Order and Preliminary Injunction, Pending Decision on Its *Ex Parte* Application for an Order to Show Cause Why Contempt Defendants Should Not be Held in Contempt ("Application"), alleging that Bryan D'Antonio, and The Rodis Law Group, Inc., America's Law Group, and The Financial Group Inc., acting in concert with him (collectively "Contempt Defendants"), have violated numerous provisions of the Stipulated Final Judgment and Order for Permanent Injunction that this Court entered on July 13, 2001 ("Final Order").

This Court has considered Plaintiff's Application, and the declarations,

1    exhibits, and memorandum of law submitted *ex parte* in support thereof, and

2    finds as follows: *all filings in opposition to plaintiffs' application, and*

3         1.    This Court has jurisdiction over this matter for all purposes, as

4    specifically reserved in Section XV ("Continued Jurisdiction") of the Final

5    Order.

6         2.    There is good cause to believe that Contempt Defendants have actual

7    notice of the Final Order and the ability to comply with that Order.

8         3.    There also is good cause to believe that Contempt Defendants have

9    violated, and continue to violate, the Final Order.  There is good cause to believe

10   Contempt Defendants have violated the ~~core~~ provisions of the Final Order in the

11   course of telemarketing foreclosure prevention and mortgage loan modification

12   services ("foreclosure and loan modification services") to consumers throughout

13   the United States by:

14              a.    Telemarketing, or assisting others engaged in telemarketing,

15                    in violation of Section I.B. of the Final Order;

16              b.    Misrepresenting that, if consumers purchase Contempt

17                    Defendants' foreclosure and loan modification services,

18                    Contempt Defendants will (1) stop foreclosures so that

19                    consumers will not lose their homes and (2) negotiate and re-

20                    write mortgage contracts with lower interest rates, lower

21                    monthly payments, and reduced principal balances, in

22                    violation of Section II of the Final Order; and

23              c.    Misrepresenting that Contempt Defendants employ multiple

24                    attorneys with foreclosure prevention and loan modification

25                    expertise, who will conduct "forensic audits" of consumers'

26                    loan files and use the audits as leverage to negotiate and re-

27                    write consumers' mortgage contracts with substantially more

28                    favorable terms, in violation of Section II of the Final Order.

4.      The Court has considered the FTC's likelihood of ultimate success and weighed the equities, and finds that a preliminary injunction order providing for an asset freeze, the appointment of a receiver, the preservation of business records, financial disclosures, expedited discovery, and other equitable relief is in the public interest.

5.      Fed. R. Civ. P. 65(c) does not require security of the United States or an officer or agency thereof.

**ORDER**

**I.**

**DEFINITIONS**

For the purposes of this Preliminary Injunction Order, the following definitions apply:

1.      **"Contempt Defendants"** means Bryan D'Antonio, The Rodis Law Group, Inc., America's Law Group, and The Financial Group, Inc. dba Tax Relief ASAP, and each of them, individually and jointly; and their successors and assigns.

2.      **"Assets"** means any legal or equitable interest in, right to, or claim to, any and all real and personal property of Contempt Defendants, or held for the benefit of Contempt Defendants, including but not limited to chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, inventory, checks, notes, accounts, credits, receivables, shares of stock, contracts, and all cash and currency, or other assets, or any interest therein, wherever located.

3.      **"Document"** is synonymous in meaning and equal in scope to the terms "document" and "electronically stored information," as described and used in Federal Rule of Civil Procedure 34(a)(1)(A).

4.      **"Receiver"** shall mean the Receiver appointed in Section VII of this Order. The term "Receiver" also includes any deputy receivers or agents as may

1  be named by the Receiver.

2        5.    **"Receivership Defendants"** shall mean The Rodis Law Group, Inc.,

3  America's Law Group, The Financial Group, Inc. dba Tax Relief ASAP, and any

4  successors, assigns, affiliates, and dba's of the aforementioned entities.

5  **II.**

6  **ASSET FREEZE**

7        IT IS ORDERED that Contempt Defendants are hereby preliminarily

8  restrained and enjoined from directly or indirectly:

9        1.    Transferring, liquidating, converting, encumbering, pledging,

10  loaning, selling, concealing, dissipating, disbursing, assigning, spending,

11  withdrawing, granting a lien or security interest or other interest in, or otherwise

12  disposing of any funds, real or personal property, accounts, contracts, consumer

13  lists, or any other assets, or any interest therein, wherever located, including

14  outside the United States, that are (1) owned or controlled, directly or indirectly,

15  by any Contempt Defendant(s), in whole or in part, or held, in whole or in part

16  for the benefit of any Contempt Defendant(s); (2) in the actual or constructive

17  possession of any Contempt Defendant(s); or (3) owned, controlled by, or in the

18  actual or constructive possession of any corporation, partnership, or other entity

19  directly or indirectly owned, managed, or controlled by, or under common

20  control with any Contempt Defendant(s), including but not limited to, any assets

21  held by, for, or under the name of any Contempt Defendant(s) at any bank,

22  savings and loan institution, or bank of any Contempt Defendant(s), or with any

23  broker-dealer, escrow agent, title company, commodity trading company,

24  precious metal dealer, or other financial institution or depository of any kind;

25        2.    Opening or causing to be opened any safe deposit boxes titled in the

26  name of any Contempt Defendant(s), or subject to access by any Contempt

27  Defendant(s);

28        3.    Incurring charges or cash advances on any credit card, debit card, or

4

1    checking card issued in the name, singly or jointly, of any Contempt
2    Defendant(s);

3         4.    Obtaining a personal or secured loan;

4         5.    Incurring liens or encumbrances on real property, personal property
5    or other assets in the name, singly or jointly of any Contempt Defendant(s); and

6         6.    Cashing any checks from consumers, clients, or customers of any
7    Contempt Defendant(s).

8         The assets affected by this Section shall include (a) all assets of Contempt
9    Defendants as of the time this Order is entered; and (b) those assets obtained after
10   entry of this Order that are derived from any conduct that violates the Final
11   Order. This Section does not prohibit transfers to the Receiver, as specifically
12   required in Section X (Delivery of Receivership Property), nor does it prohibit
13   the repatriation of foreign assets, as specifically required in Section V of this
14   Order.

15        Provided, however, that this Section shall not be construed to prohibit
16   Contempt Defendants The Rodis Law Group, Inc. or America's Law Group from
17   disbursing funds that are held in trust fund accounts or client funds accounts
18   established pursuant to Rule 4-100 of the California Rules of Professional
19   Conduct and that are held for the benefit of legal services clients ("Rule 4-100
20   accounts"), so long as:

21        a.    Such funds were not received as payment for foreclosure and
22              loan modification services;

23        b.    Such funds are not disbursed for any purpose related to
24              foreclosure and loan modification services;

25        c.    Contempt Defendants The Rodis Law Group, Inc. and
26              America's Law Group provide to the Commission within five
27              (5) days of the date of service of this Order a sworn statement
28              indicating as to each Rule 4-100 account each maintains

(1) whether the account contains funds received as payment for foreclosure and loan modification services, and (2) a copy of the written journal that is required by Rule 4-100 to be kept for each such bank account that sets forth the name of such account; the date, amount, and client affected by each debit and credit; and the current balance in such account; and

    d.    Contempt Defendants The Rodis Law Group, Inc. and America's Law Group make and retain detailed records explaining the reason for each such disbursement and noting the date and amount of the disbursement and the name, address, and telephone number of the payee.

## III.

## FINANCIAL REPORTS AND ACCOUNTING

IT IS FURTHER ORDERED that each Contempt Defendant shall:

1.    If not already produced to the Commission pursuant to a TRO, immediately provide to counsel for Plaintiff and the Receiver, within three (3) business days after service of this Order, completed financial statements fully disclosing the Contempt Defendant's finances and those of all corporations, partnerships, trusts or other entities that the Contempt Defendant owns, controls, or is associated with in any capacity, jointly or individually, on the forms attached to this Order as Attachments A and B, accurate as of the date of service of this Order upon Contempt Defendants;

2.    If not already produced to the Commission pursuant to a TRO, immediately provide to counsel for Plaintiff and the Receiver, within three (3) business days after service of this Order, copies of signed and completed federal and state income tax forms, including all schedules and attachments for the three most recent filing years;

3.    If not already provided pursuant to a TRO, immediately provide

6

access to records and documents held by financial institutions outside the territory of the United States, by signing the Consent to Release of Financial Records attached to this Order as Attachment C; and

4.  Provide copies of such other financial statements as the Receiver or Plaintiff may request in order to monitor Contempt Defendants' compliance with the provisions of this Order.

## IV.

## RETENTION OF ASSETS AND RECORDS BY FINANCIAL INSTITUTIONS AND OTHER THIRD PARTIES

IT IS FURTHER ORDERED that any financial or brokerage institution or depository, escrow agent, title company, commodity trading company, trust, entity, or person that holds, controls, or maintains custody of any account or asset owned or controlled by any Contempt Defendant(s), or has held, controlled, or maintained any account or asset of, or on behalf of, any Contempt Defendant(s) at any time since the entry of this Court's Final Order on July 13, 2001, upon service with a copy of this Order, shall:

1.  Hold and retain within its control and prohibit Contempt Defendants from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, gifting, or otherwise disposing of any of the assets, funds, or other property held by or on behalf of any Contempt Defendant(s) in any account maintained in the name of or for the benefit of any Contempt Defendant(s), in whole or in part, except:

a.  as directed by further order of the Court; or

b.  as directed in writing by the Receiver (regarding assets held in the name or for the benefit of Receivership Defendants).

2.  Deny the Contempt Defendants access to any safe deposit box titled in the name of any Contempt Defendant(s), individually or jointly, or subject to access by any Contempt Defendant(s), whether directly or indirectly.

3.   If not already produced to the Commission pursuant to a TRO, immediately provide to counsel for Plaintiff and the Receiver a certified statement setting forth:

    a.   the identification number of each such account or asset titled (1) in the name, individually or jointly, of any Contempt Defendant(s); (2) held on behalf of, or for the benefit of, any Contempt Defendant(s); (3) owned or controlled by any Contempt Defendant(s); or (4) otherwise subject to access by any Contempt Defendant(s), directly or indirectly;

    b.   the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted;

    c.   the identification of any safe deposit box that is either titled in the name of any Contempt Defendant(s), or is otherwise subject to access by any Contempt Defendant(s); and

    d.   if an account, safe deposit box, or other asset has been closed or removed, the date closed or removed, the balance on such date, and the manner in which such account or asset was closed or removed.

4.   If not already produced to the Commission pursuant to a TRO, immediately provide to counsel for Plaintiff and the Receiver copies of all documents pertaining to such account or asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit

and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; provided that such institution or custodian may charge a reasonable fee.

5.     Cooperate with all reasonable requests of the Receiver relating to this Order's implementation.

## V.

### FOREIGN ASSET REPATRIATION

IT IS FURTHER ORDERED that, if not already done pursuant to a TRO, each Contempt Defendant immediately shall:

1.     Transfer to the territory of the United States all funds and assets in foreign countries identified in the accounting ordered in Section III.3. of this Order; and

2.     Hold and retain all repatriated funds and assets, and prevent any disposition, transfer, or dissipation whatsoever of any such assets or funds, except as required by this Order.

## VI.

### NON-INTERFERENCE WITH REPATRIATION

IT IS FURTHER ORDERED that Contempt Defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby preliminarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by Section V of this Order, including but not limited to:

1.     Sending any statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such time that all assets have been fully repatriated pursuant to Section V of this Order; and

9

1       2.     Notifying any trustee, protector or other agent of any foreign trust or

2   other related entities of either the existence of this Order, or of the fact that

3   repatriation is required pursuant to a Court Order, until such time that all assets

4   have been fully repatriated pursuant to Section V of this Order.

5   **VII.**

6   **APPOINTMENT OF RECEIVER**

7       IT IS FURTHER ORDERED that *Ralph Grant & Associates* is

8   appointed Receiver for Receivership Defendants, and any affiliates or

9   subsidiaries thereof controlled by any Receivership Defendant(s), with the full

10   power of an equity Receiver.  The Receiver shall be the agent of this Court and

11   solely the agent of this Court in acting as Receiver under this Order.  The

12   Receiver shall be accountable directly to this Court.  The Receiver shall comply

13   with all local rules and laws governing federal equity receivers. *Bond posted*

14   *shall stand.*

**VIII.**

15   **COOPERATION WITH THE RECEIVER**

16       IT IS FURTHER ORDERED that Contempt Defendants shall fully

17   cooperate with and assist the Receiver.  Contempt Defendants' cooperation and

18   assistance shall include, but not be limited to, providing any information to the

19   Receiver that the Receiver deems necessary to exercise the authority and

20   discharge the responsibilities of the Receiver under this Order; providing any

21   login and password required to access any computer or electronic files or

22   information in any medium; and advising all persons who owe money to the

23   Receivership Defendants that all debts should be paid directly to the Receiver.

24   Contempt Defendants are hereby restrained and enjoined from directly or

25   indirectly:

26       1.     Transacting any of the business of the Receivership Defendants;

27       2.     Excusing debts owed to the Receivership Defendants;

28       3.     Destroying, secreting, defacing, transferring, or otherwise altering or

10

1    disposing of any documents of the Receivership Defendants;

2         4.     Transferring, receiving, altering, selling, encumbering, pledging,

3    assigning, liquidating, or otherwise disposing of any assets owned, controlled, or

4    in the possession or custody of, or in which an interest is held or claimed by, the

5    Receivership Defendants, or the Receiver;

6         5.     Failing to notify the Receiver of any asset, including accounts, of

7    any of the Receivership Defendants held in any name other than the name of one

8    or more Receivership Defendants, or by any person or entity other than

9    Receivership Defendants, or failing to provide any assistance or information

10   requested by the Receiver in connection with obtaining possession, custody, or

11   control of such assets; or

12        6.     Doing any act or thing whatsoever to interfere with the Receiver's

13   taking and keeping custody, control, possession, or managing of the assets or

14   documents subject to this receivership; or to harass or interfere with the Receiver

15   in any way; or to interfere in any manner with the exclusive jurisdiction of this

16   Court over the assets or documents of the Receivership Defendants; or to refuse

17   to cooperate with the Receiver or the Receiver's duly authorized agents in the

18   exercise of their duties or authority under any Order of this Court.

19        This Section does not prohibit transfers to the Receiver, as specifically

20   required in Section X (Delivery of Receivership Property), nor does it prohibit

21   the Repatriation of Foreign Assets, as specifically required in Section V of this

22   Order.

23                                 **IX.**

24             **DUTIES AND AUTHORITY OF RECEIVER**

25        IT IS FURTHER ORDERED that the Receiver is directed and authorized

26   to accomplish the following:

27        1.     Assume full control of the Receivership Defendants by removing, as

28   the Receiver deems necessary or advisable, any director, officer, independent

contractor, employee, attorney, or agent of the Receivership Defendants, including any Contempt Defendant(s), from control of, management of, or participation in, the affairs of the Receivership Defendants.

2.    Take exclusive custody, control and possession of all assets and documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated.  The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Receivership Defendants and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendants.

3.    Take all steps necessary to secure the business premises of the Receivership Defendants, which may include, but are not limited to, taking the following steps as the Receiver deems necessary or advisable:  (1) serving and filing this Order; (2) completing a written inventory of all receivership assets; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendants, including, but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) video-recording all portions of the location; (5) changing the locks and disconnecting any computer networks or other means of access to electronically stored information or other documents maintained at that location; or (6) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, and/or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendants. Such authority shall include, but not be limited to, the authority to order any owner, director, or officer of any Receivership Defendant to remove him or herself from the business premises.

4.     Conserve, hold, and manage all receivership assets, and perform all acts necessary or advisable to preserve the value of those assets, in order to prevent any irreparable loss, damage, or injury to consumers, including, but not limited to, obtaining an accounting of the assets and preventing the transfer, withdrawal, or misapplication of assets.

5.     Enter into contracts and purchase insurance as advisable or necessary.

6.     Prevent the inequitable distribution of assets and to determine, adjust, and protect the interests of consumers and creditors who have transacted business with one or more Receivership Defendants.

7.     Manage and administer the business of the Receivership Defendants until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents.

8.     Choose, engage, and employ attorneys, accountants, appraisers, investigators, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities.

9.     Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of the Receivership Defendants, such as rental payments.

10.    Collect any money due or owing to the Receivership Defendants.

11.    Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts that the

Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendants or to carry out the Receiver's mandate under this Order.

12.     Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted against the Receivership Defendants or the Receiver, that the Receiver deems necessary and advisable to preserve the assets of the Receivership Defendants or to carry out the Receiver's mandate under this Order.

13.     Continue and conduct the businesses of the Receivership Defendants in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the businesses profitably, using the assets of the receivership estate, and lawfully, if at all.

14.     Take depositions and issue subpoenas to obtain documents and records pertaining to the receivership and compliance with this Order and the Stipulated Order.  Subpoenas may be served by agents or attorneys of the Receiver and by agents of any process server retained by the Receiver.

15.     Open one or more bank accounts as designated depositories for funds of the Receivership Defendants. The Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the receivership estate from such an account.

16.     Maintain accurate records of all receipts and expenditures made by the Receiver.

Provided that, to the extent that either The Rodis Law Group, Inc. or America's Law Group is providing services other than foreclosure and loan modification services that are professional legal services, the Receiver shall have no responsibility for supervising or otherwise overseeing such professional legal services.

# X.

## DELIVERY OF RECEIVERSHIP PROPERTY

IT IS FURTHER ORDERED that immediately upon service of this Order upon them, the Contempt Defendants, including the Receivership Defendants, if not already delivered to the Receiver pursuant to a TRO, shall deliver to the Receiver possession and custody of:

1.    All funds, assets, and property of the Receivership Defendants, whether situated within or outside the territory of the United States, which are: (1) held by one or more Receivership Defendants, individually or jointly, (2) held for the benefit of one or more Receivership Defendants, or (3) under the direct or indirect control, individually or jointly, of one or more Receivership Defendants;

2.    All documents of the Receivership Defendants, including but not limited to all books and records of assets including funds and property, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, records of ACH transactions, and check registers), corporate minutes, contracts, customer and consumer lists, title documents, and electronic records;

3.    All funds and other assets belonging to members of the public now held by one or more Receivership Defendants;

4.    All keys, computer and other passwords, entry codes, combinations to locks required to open or gain access to any of the property or effects, and all monies in any bank deposited to the credit of the Receivership Defendants, wherever situated; and

5.    Information identifying the accounts, employees, properties, or other assets or obligations of the Receivership Defendants.

Provided, however, that this Section shall not be construed to contradict any of the requirements set forth in Section II of this order regarding Rule 4-100 accounts.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## XI.

## RECEIVER'S REPORTS

IT IS FURTHER ORDERED that the Receiver shall report to this Court on or before the date set for the hearing to Show Cause why Contempt Defendants should not be held in contempt regarding:  (1) the steps taken by the Receiver to implement the terms of this Order; (2) the value of all liquidated and unliquidated assets of the Receivership Defendants; (3) the sum of all liabilities of the Receivership Defendants; (4) the steps the Receiver intends to take in the future to:  (a) prevent any diminution in the value of assets of the Receivership Defendants; (b) pursue receivership assets from third parties; and (c) adjust the liabilities of the Receivership Defendants, if appropriate; and (5) any other matters which the Receiver believes should be brought to the Court's attention. Provided, however, if any of the required information would hinder the Receiver's ability to pursue receivership assets, the portions of the Receiver's report containing such information may be filed under seal and not served on the parties.

## XII.

## COMPENSATION OF THE RECEIVER

IT IS FURTHER ORDERED that the Receiver, and all persons or entities retained or hired by the Receiver as authorized under this Order, shall be entitled to reasonable compensation for the performance of duties undertaken pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them from the assets now held by or in the possession or control of, or which may be received by, the Receivership Defendants.  The Receiver shall file with the Court and serve on the parties a request for the payment of reasonable compensation at the time of the filing of any report required by Section XI.  The Receiver shall not increase the fees or rates used as the bases for such fee applications without prior approval of the Court.

# XIII.

## RECEIVER ACCESS TO
## BUSINESS PREMISES AND RECORDS

IT IS FURTHER ORDERED that, the Receiver, and its respective representatives, agents, contractors, or assistants, are permitted, and the Contempt Defendants shall allow, immediate access to any business premises and storage facilities of the Receivership Defendants.  Such locations include, but are not limited to, the offices and facilities of the Receivership Defendants at or in the vicinity of 1100 Town and Country Road, Orange, California 92868.

The Receiver is authorized to employ the assistance of law enforcement officers, including but not limited to the United States Marshals Service, to effect service, to implement peacefully the provisions of this Order, and keep the peace. The Receiver may exclude Contempt Defendants and their agents and employees from the business premises and facilities.

Contempt Defendants and all agents or employees of Contempt Defendants shall provide the Receiver with any necessary means of access to documents, including, without limitation, the locations of Receivership Defendants' business premises, keys and combinations to business premises locks, computer access codes of all computers used to conduct Receivership Defendants' business, and storage area access information.

The Receiver is authorized to copy any documents related to Contempt Defendants' business practices, including by forensic imaging of electronically stored information.  The Receiver is authorized to remove any documents related to Contempt Defendants' business practices from the premises in order that they may be inspected, inventoried, and copied.  The materials so removed shall be returned within five (5) business days of completing said inventory and copying.

If any property, records, documents, or computer files relating to the Receivership Defendants' finances or business practices are located in the

17

1   residence of any Contempt Defendant or are otherwise in the custody or control

2   of any Contempt Defendant, then such Contempt Defendant shall produce them

3   to the Receiver immediately, if not already produced pursuant to a TRO.  In order

4   to prevent the destruction of computer data, upon service of this Order, any such

5   computers shall be powered down (turned off) in the normal course for the

6   operating systems used on such computers and shall not be powered up or used

7   again until produced for copying and inspection, along with any codes needed for

8   access.

9           Counsel for Plaintiff, and their respective representatives, agents,

10  contractors, or assistants, are authorized to review any documents or information

11  that the Receiver has determined do not contain attorney-client communications

12  pertaining to professional legal services unrelated to Receivership Defendants'

13  foreclosure and loan modification business; such review may take place at any

14  location, including at any business premises and storage facilities of the

15  Receivership Defendants.  The Receiver may segregate or redact any portions of

16  files or documents that reflect privileged information, to the extent that they

17  reflect the substance of any attorney-client communication pertaining to

18  professional legal services unrelated to Receivership Defendants' foreclosure and

19  loan modification business.  Nothing in this provision shall prohibit the Receiver

20  from providing Plaintiff, at any time, with copies of any documents or

21  information related to foreclosure and loan modification services.

22                                    **XIV.**

23  **CONTEMPT DEFENDANTS' ACCESS TO PREMISES AND RECORDS**

24          IT IS FURTHER ORDERED that the Receiver shall allow the Contempt

25  Defendants and their representatives reasonable access to the premises of the

26  Receivership Defendants.  The purpose of this access shall be to inspect,

27  inventory, and copy any and all documents and other property owned by or in the

28  possession of the Receivership Defendants, provided that those documents and

1   property are not removed from the premises.  The Receiver shall have the

2   discretion to determine the time, manner, and reasonable conditions of such

3   access.

## XV.

## PRESERVATION OF RECORDS

6       IT IS FURTHER ORDERED that Contempt Defendants and their officers,

7   agents, directors, servants, employees, salespersons, and attorneys, and those

8   persons in active concert or participation with them who receive actual notice of

9   this Order by personal service or otherwise, whether acting directly or through

10  any trust, corporation, subsidiary, division, or other device, or any of them, are

11  hereby preliminarily restrained and enjoined from destroying, erasing, mutilating,

12  concealing, altering, transferring, or otherwise disposing of, in any manner,

13  directly or indirectly, any documents that relate to the business practices or

14  finances of any Contempt Defendant, including, but not limited to, any contracts,

15  accounting data, correspondence, advertisements, computer tapes, disks or other

16  computerized records, books, written or printed records, handwritten notes,

17  recordings, telephone logs, telephone scripts, receipt books, ledgers, personal and

18  business canceled checks and check registers, bank statements, appointment

19  books, copies of federal, state, or local business or personal income or property

20  tax returns.

## XVI.

## PROHIBITION ON RELEASE OF CUSTOMER INFORMATION
## OR CUSTOMER LISTS

24      IT IS FURTHER ORDERED that Contempt Defendants, and officers,

25  agents, directors, servants, employees, salespersons, and attorneys of Contempt

26  Defendants, as well as all other persons or entities in active concert or

27  participation with them, who receive actual notice of this Order by personal

28  service or otherwise, whether acting directly or through any trust, corporation,

1   subsidiary, division, or other device, or any of them, are hereby preliminarily

2   restrained and enjoined from selling, renting, leasing, transferring, or otherwise

3   disclosing the name, address, telephone number, credit card number, bank

4   account number, e-mail address, or other identifying information of any person

5   who paid money to any of the Contempt Defendants for the purchase of any good

6   or service or who were contacted or are on a list to be contacted by any of the

7   Contempt Defendants; provided that Contempt Defendants may disclose such

8   identifying information to a law enforcement agency or as required by any law,

9   regulation, or court order.

## XVII.

## CREDIT REPORTS

12   IT IS FURTHER ORDERED that Plaintiff may obtain credit reports

13   concerning any of the Contempt Defendants pursuant to Section 604(a)(1) of the

14   Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written

15   request, any credit reporting agency from which such reports are requested shall

16   provide them to Plaintiff.

## XVIII.

## EXPEDITED DISCOVERY

19   IT IS FURTHER ORDERED that the ~~FTC is~~ parties are granted leave to conduct

20   certain expedited discovery, and that, commencing with the time and date of this

21   Order, in lieu of the time periods, notice provisions, and other requirements of

22   Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure, expedited

23   discovery as to parties and non-parties shall proceed as follows:

24   1.   The ~~FTC~~ parties may, upon three (3) calendar days notice, take the

25   deposition of any person or entity, whether or not a party, in any judicial district,

26   for the purpose of discovering: (1) the assets of Contempt Defendants; and (2)

27   compliance with the Final Order and this Order. and (3) any issues related to Contempt Defendants Depositions may be conducted defenses

28   telephonically or in person. ~~Deposition transcripts that have not been signed by~~ in all actions

20

1   ~~the witness may be used at the preliminary injunction hearing in this matter.~~

2   Provided that, notwithstanding Fed. R. Civ. P. 30(a)(2), this Section shall not

3   preclude any future depositions by the ~~FTC~~ parties. Provided further, that any

4   deposition taken pursuant to this Section shall be in addition to, and not subject

5   to, the presumptive limits on depositions set forth in Fed. R. Civ. P. 30(a)(2)(A).

6      2.   The ~~FTC~~ parties may serve interrogatories for the purpose of discovering:

7   (1) the assets of Contempt Defendants; and (2) compliance with the Final Order

8   and this Order and (3) any issue related to Contempt Defendants' defenses to all actions; ~~Contempt Defendants~~ Parties shall respond within five (5) calendar days

9   after ~~the FTC~~ a party serves such interrogatories. Provided that, notwithstanding Fed. R.

10  Civ. P. 33(a)(1), this Subsection shall not preclude any future interrogatories by

11  the ~~FTC~~ parties.

12     3.   The ~~FTC~~ parties may serve requests for admission, which shall be

13  responded to within five (5) calendar days after the ~~FTC~~ Party serves such requests. ~~on~~

14  ~~Contempt Defendants~~. Provided that, notwithstanding Fed. R. Civ. P. 36, this

15  Subsection shall not: (a) preclude ~~the FTC's~~ a Party's ability to seek further admissions at

16  a later time; or (b) otherwise alter the requirements set forth in Fed. R. Civ. P. 36.

17     4.   The ~~FTC~~ parties may, upon five (5) calendar days notice, including through

18  the use of a Rule 45 Subpoena, demand the production of documents from any

19  person or entity, whether or not a Contempt Defendant, relating to: (1) the assets

20  of Contempt Defendants; and (2) compliance with the Final Order and this Order and (3) any issues related to Contempt Defendants' defenses to all actions.

21  Provided that two (2) calendar days notice shall be deemed sufficient for the

22  production of any such documents that are maintained or stored only as electronic

23  data.

24     5.   The ~~FTC is~~ parties are granted leave to subpoena documents immediately from

25  any financial institution, account custodian, or other entity or person that holds,

26  controls, or maintains custody of any account or asset of any Contempt

27  Defendant(s), or has held, controlled or maintained custody of any account or

28  asset of any Contempt Defendant(s) concerning the nature, location, status, and

21

1    extent of Contempt Defendants' assets, and compliance with the Final Order and
2    this Order, and such financial institution, account custodian or other entity shall
3    respond to such subpoena within five (5) business days after service.
4            For purposes of discovery upon a ~~Contempt Defendant~~ party pursuant to this
5    Section, service shall be sufficient if made by facsimile or by overnight courier.

## XIX.

## BANKRUPTCY PETITIONS

8            IT IS FURTHER ORDERED that, in light of the appointment of the
9    Receiver, the Receivership Defendants are hereby prohibited from filing a
10   petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et*
11   *seq.*, without prior permission from this Court.

## XX.

## STAY OF ACTIONS

14           IT IS FURTHER ORDERED that:
15   1.      Except by leave of this Court, during the pendency of the
16   Receivership ordered herein, Receivership Defendants and all customers,
17   principals, investors, creditors, stockholders, lessors, and other persons seeking to
18   establish or enforce any claim, right, or interest against or on behalf of
19   Receivership Defendants, and all others acting for or on behalf of such persons,
20   including attorneys, trustees, agents, sheriffs, constables, marshals, and other
21   officers and their deputies, and their respective attorneys, servants, agents, and
22   employees be and are hereby stayed from:

23           a.      Commencing, prosecuting, continuing, entering, or enforcing
24                   any suit or proceeding, except that such actions may be filed
25                   to toll any applicable statute of limitations;
26           b.      Accelerating the due date of any obligation or claimed
27                   obligation; filing or enforcing any lien; taking or attempting to
28                   take possession, custody, or control of any asset; attempting to

foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

c.  Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or

d.  Doing any act or thing whatsoever to interfere with the Receiver's taking custody, control, possession, or management of the assets or documents subject to this receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants.

2.  This Section does not stay:

a.  The commencement or continuation of a criminal action or proceeding;

b.  The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

c.  The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

d.  The commencement of any action by the Secretary of the United States Department of Housing and Urban Development to foreclose a mortgage or deed of trust in any case in which the mortgage or deed of trust held by the

Secretary is insured or was formerly insured under the National Housing Act and covers property, or combinations of property, consisting of five (5) or more living units; or

e.  The issuance to a Receivership Defendant of a notice of tax deficiency.

## XXI.
## SERVICE OF ORDER

IT IS FURTHER ORDERED that copies of this Order may be served by any means, including facsimile transmission or email, by employees or agents of the FTC or the Receiver, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Contempt Defendants, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## XXII.
## ACKNOWLEDGMENT OF RECEIPT OF ORDER
## BY CONTEMPT DEFENDANTS

IT IS FURTHER ORDERED that each Contempt Defendant, within three (3) business days of receipt of this Order, must submit to counsel for Plaintiff a truthful sworn statement acknowledging receipt of this Order.

## XXIII.
## PROOF OF DISTRIBUTION OF ORDER
## BY CONTEMPT DEFENDANTS

IT IS FURTHER ORDERED that Contempt Defendants shall immediately provide a copy of this Order to their agents, servants, employees, consultants, and any affiliated businesses, and other persons and entities subject in any part to their direct or indirect control. Within five (5) business days of receipt of this Order, Contempt Defendants must submit to counsel for Plaintiff a truthful sworn

1  statement identifying those persons and entities to whom this Order has been

2  distributed.

### XXIV.

### CORRESPONDENCE

5      IT IS FURTHER ORDERED that, for the purposes of this Order, all

6  correspondence and service of pleadings on Plaintiff shall be addressed to:

> Gregory J. Madden
> Kristin M. Williams
> Federal Trade Commission
> 601 New Jersey Ave., NW, Rm. 2122
> Washington, DC 20008
> Fax: (202) 326-2558
> E-mail: gmadden@ftc.gov; kwilliams2@ftc.gov

### XXV.

### RETENTION OF JURISDICTION

13      IT IS FURTHER ORDERED that the Court shall continue to retain

14  jurisdiction of this matter for all purposes.

16      **IT IS SO ORDERED**, this 22nd day of June , 2009,

17  at 4/15 o'clock ~~a.m.~~/p.m.

United States District Judge

# ATTACHMENT A

## FEDERAL TRADE COMMISSION

## FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT

**Instructions:**

1.  Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2.  "Dependents" include your live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3.  "Assets" and "Liabilities" include <u>ALL</u> assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.

4.  Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5.  Type or print legibly.

6.  Initial each page in the space provided in the lower right corner.

7.  Sign and date the completed financial statement on the last page.

**Penalty for False Information:**

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

**Item 1.**        **Information About You**

Your Full Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____ Drivers License No. _____

Current Address _____ From (Date) _____

Rent or Own? _____ Telephone No. _____ Facsimile No. _____

E-Mail Address _____ Internet Home Page _____

Previous Addresses for past five years:

Address_____ Rent or Own?_____ From/Until_____

Address_____ Rent or Own?_____ From/Until_____

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they

were used_____

**Item 2.**        **Information About Your Spouse or Live-In Companion**

Spouse/Companion's Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____

Identify any other name(s) and/or social security number(s) your spouse/companion has used, and the time period(s)

during which they were used _____

Address (if different from yours) _____

From (Date) _____ Rent or Own? _____ Telephone No._____

Employer's Name and Address _____

Job Title _____ Years in Present Job _____ Annual Gross Salary/Wages $_____

**Item 3.**        **Information About Your Previous Spouse**

Previous Spouse's Name & Address _____

_____ Social Security No. _____ Date of Birth _____

**Item 4.**        **Contact Information**

Initials _____

Name & Address of Nearest Living Relative or Friend _____

_____ Telephone No. _____

**Item 5.**       **Information About Dependents Who Live With You**

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

**Item 6.**       **Information About Dependents Who Do Not Live With You**

▸Name & Address _____

Date of Birth _____ Relationship _____ Social Security  No._____

▸Name Address _____

Date of Birth _____ Relationship _____ Social Security  No._____

▸Name & Address _____

Date of Birth _____ Relationship _____ Social Security  No._____

**Item 7.**       **Employment Information**

Provide the following information for this year-to-date and for each of the previous five full years, for each company of which you were a director, officer, employee, agent, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, draws, consulting fees, loans, loan payments, dividends, royalties and other benefits for which you did not pay (*e.g.,* health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

▸Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

**Item 7. continued**

Initials _____

Income Received:  This year-to-date:  $_____            _____:  $_____

                    20_____:  $_____            _____:  $_____

                 _____:  $_____            _____:  $_____

▸Company Name & Address _____

Dates Employed:  From (Month/Year) _____  To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Income Received:  This year-to-date:  $_____            _____:  $_____

                    20_____:  $_____            _____:  $_____

                 _____:  $_____            _____:  $_____

▸Company Name & Address _____

Dates Employed:  From (Month/Year) _____  To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Income Received:  This year-to-date:  $_____            _____:  $_____

                    20_____:  $_____            _____:  $_____

                 _____:  $_____            _____:  $_____

**Item 8.**        **Pending Lawsuits Filed by You or Your Spouse**

List all pending lawsuits that have been filed by you or your spouse in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____  Relief Requested _____  Nature of Lawsuit _____

_____ Status _____

**Item 9.**        **Pending Lawsuits Filed Against You or Your Spouse**

List all pending lawsuits that have been filed against you or your spouse in court or before an administrative agency. (List

Initials _____

lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

## Item 10.          Safe Deposit Boxes

List all safe deposit boxes, located within the United States or elsewhere, held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## Item 11.      Business Interests

List all businesses for which you, your spouse, or your dependents are an officer or director.

▸Business' Name & Address _____

Business Format (*e.g.*, corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

▸Business' Name & Address _____

Business Format (*e.g.*, corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

▸Business' Name & Address _____

Business Format (*e.g.*, corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

## FINANCIAL INFORMATION:  ASSETS AND LIABILITIES

**REMINDER:  "Assets" and "Liabilities" include ALL** assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.

**Item 12.**                   **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.  The term "cash" includes currency and uncashed checks.

Cash on Hand  $_____        Cash Held For Your Benefit  $_____

| Name on Account | Name & Address of  Financial Institution | Account No. | Current Balance |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |

**Item 13.**                   **U.S. Government Securities**

List all U.S. Government securities, including but not limited to, savings bonds, treasury bills, and treasury notes, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Name on Account | Type of Obligation | Security Amount | Maturity Date |
|---|---|---|---|
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |

**Item 14.**     **Publicly Traded Securities and Loans Secured by Them**

Initials _____

List all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House, Address _____ Broker Account No. _____

▸Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House, Address _____ Broker Account No. _____

### Item 15.     Other Business Interests

List all other business interests, including but not limited to, non-public corporations, subchapter-S corporations, limited liability corporations ("LLCs"), general or limited partnership interests, joint ventures, sole proprietorships, and oil and mineral leases, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Business Format _____ Business' Name & Address _____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

▸Business Format _____ Business' Name & Address _____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

### Item 16.     Monetary Judgments or Settlements Owed to You, Your Spouse, or Your Dependents

List all monetary judgments or settlements owed to you, your spouse, or your dependents.

▸Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $_____

▸Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $_____

### Item 17.     Other Amounts Owed to You, Your Spouse, or Your Dependents

Page  7                                                           Initials _____

List all other amounts owed to you, your spouse, or your dependents.

Debtor's Name, Address, & Telephone No. _____

Original Amount Owed $_____ Current Amount Owed $_____ Monthly Payment $_____

**Item 18.        Life Insurance Policies**

List all life insurance policies held by you, your spouse, or your dependents.

‣Insurance Company's Name, Address, & Telephone No. _____

_____

Insured _____ Beneficiary _____ Face Value $_____

Policy No. _____ Loans Against Policy $_____ Surrender Value $_____

‣Insurance Company's Name, Address, & Telephone No. _____

_____

Insured _____ Beneficiary _____ Face Value $_____

Policy No. _____ Loans Against Policy $_____ Surrender Value $_____

**Item 19.        Deferred Income Arrangements**

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, and other retirement accounts, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

‣Name on Account _____ Type of Plan _____ Date Established _____

Trustee or Administrator's Name, Address & Telephone No. _____

_____

Account No. _____ Surrender Value $_____

‣Name on Account _____ Type of Plan _____ Date Established _____

Trustee or Administrator's Name, Address & Telephone No. _____

_____

Account No. _____ Surrender Value $_____

**Item 20.        Personal Property**

List all personal property, by category, whether held for personal use or for investment, including but not limited to,

Page 8                                                                         Initials _____

furniture and household goods of value, computer equipment, electronics, coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Property Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |

**Item 21.**     **Cars, Trucks, Motorcycles, Boats, Airplanes, and Other Vehicles**

List all cars, trucks, motorcycles, boats, airplanes, and other vehicles owned or operated by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

‣Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

‣Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

**Item 21. Continued**

‣Vehicle Type _____ Make _____ Model _____ Year _____

Page 9                                                            Initials _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

### Item 22.      Real Property

List all real estate held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value $_____

Basis of Valuation_____ Loan or Account No._____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

▸Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value $_____

Basis of Valuation_____ Loan or Account No._____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

### Item 23.      Credit Cards

List each credit card held by you, your spouse, or your dependents.  Also list any other credit cards that you, your spouse, or your dependents use.

Initials _____

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance | Minimum Monthly Payment |
|---|---|---|---|---|
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |

**Item 24.**     **Taxes Payable**

List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependants.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| _____ | $_____ | _____ |
| _____ | $_____ | _____ |
| _____ | $_____ | _____ |
| _____ | $_____ | _____ |

**Item 25.**     **Judgments or Settlements Owed**

List all judgments or settlements owed by you, your spouse, or your dependents.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date_____ Amount $_____

**Item 26.**      **Other Loans and Liabilities**

List all other loans or liabilities in your, your spouse's, or your dependents' names.

▸Name & Address of Lender/Creditor _____

Nature of Liability_____ Name(s) on Liability_____

Date of Liability_____ Amount Borrowed $_____ Current Balance $_____

Payment Amount $_____ Frequency of Payment_____

▸Name & Address of Lender/Creditor _____

Nature of Liability_____ Name(s) on Liability_____

Date of Liability_____ Amount Borrowed $_____ Current Balance $_____

Payment Amount $_____ Frequency of Payment_____


## OTHER FINANCIAL INFORMATION

**Item 27.**      **Tax Returns**

List all federal tax returns that were filed during the last three years by or on behalf of you, your spouse, or your dependents. *Provide a copy of each signed tax return that was filed during the last three years.*

| Tax Year | Name(s) on Return | Refund Expected |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |


**Item 28.**      **Applications for Credit**

List all applications for bank loans or other extensions of credit that you, your spouse, or your dependents have submitted within the last two years. *Provide a copy of each application, including all attachments.*

| Name(s) on Application | Name & Address of Lender |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |


**Item 29.**      **Trusts and Escrows**

Page 12                                                          Initials _____

List all funds or other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents.  Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity.  *Provide copies of all executed trust documents.*

| Trustee or Escrow Agent's Name & Address | Date Established | Grantor | Beneficiaries | Present Market Value of Assets |
|---|---|---|---|---|
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |

**Item 30.**        **Transfers of Assets**

List each person to whom you have transferred, in the aggregate, more than $2,500 in funds or other assets during the previous three years by loan, gift, sale, or other transfer.  For each such person, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (*e.g.*, Loan, Gift) |
|---|---|---|---|---|
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |

Page  13                                                           Initials _____

## SUMMARY FINANCIAL SCHEDULES

**Item 31.**      **Combined Balance Sheet for You, Your Spouse, and Your Dependents**

| ASSETS | | LIABILITIES | |
|---|---|---|---|
| Cash on Hand (Item 12) | $_____ | Credit Cards (Item 23) | $_____ |
| Cash in Financial Institutions (Item 12) | $_____ | Motor Vehicles - Liens (Item 21) | $_____ |
| U.S. Government Securities (Item 13) | $_____ | Real Property - Encumbrances (Item 22) | $_____ |
| Publicly Traded Securities (Item 14) | $_____ | Loans Against Publicly Traded Securities (Item 14) | $_____ |
| Other Business Interests (Item 15) | $_____ | Taxes Payable (Item 24) | $_____ |
| Judgments or Settlements Owed to You (Item 16) | $_____ | Judgments or Settlements Owed (Item 25) | $_____ |
| Other Amounts Owed to You (Item 17) | $_____ | Other Loans and Liabilities (Item 26) | $_____ |
| Surrender Value of Life Insurance (Item 18) | $_____ | Other Liabilities (Itemize) | |
| Deferred Income Arrangements (Item 19) | $_____ | _____ | $_____ |
| Personal Property (Item 20) | $_____ | _____ | $_____ |
| Motor Vehicles (Item 21) | $_____ | _____ | $_____ |
| Real Property (Item 22) | $_____ | _____ | $_____ |
| Other Assets (Itemize) | | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| Total Assets | $_____ | Total Liabilities | $_____ |

Initials _____

<u>Item 32.</u>       **Combined Average Monthly Income and Expenses for You, Your Spouse, and Your Dependents for the Last 6 Months**

Provide the average monthly income and expenses for you, your spouse, and your dependents for the last 6 months. Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

<table>
<tr><td colspan="2"><u>INCOME</u></td><td colspan="2"><u>EXPENSES</u></td></tr>
<tr><td>Salary - After Taxes</td><td>$_____</td><td>Mortgage Payments for Residence(s)</td><td>$_____</td></tr>
<tr><td>Fees, Commissions, and Royalties</td><td>$_____</td><td>Property Taxes for Residence(s)</td><td>$_____</td></tr>
<tr><td>Interest</td><td>$_____</td><td>Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance</td><td>$_____</td></tr>
<tr><td>Dividends and Capital Gains</td><td>$_____</td><td>Car or Other Vehicle Lease or Loan Payments</td><td>$_____</td></tr>
<tr><td>Gross Rental Income</td><td>$_____</td><td>Food Expenses</td><td>$_____</td></tr>
<tr><td>Profits from Sole Proprietorships</td><td>$_____</td><td>Clothing Expenses</td><td>$_____</td></tr>
<tr><td>Distributions from Partnerships, S-Corporations, and LLCs</td><td>$_____</td><td>Utilities</td><td>$_____</td></tr>
<tr><td>Distributions from Trusts and Estates</td><td>$_____</td><td>Medical Expenses, Including Insurance</td><td>$_____</td></tr>
<tr><td>Distributions from Deferred Income Arrangements</td><td>$_____</td><td>Other Insurance Premiums</td><td>$_____</td></tr>
<tr><td>Social Security Payments</td><td>$_____</td><td>Other Transportation Expenses</td><td>$_____</td></tr>
<tr><td>Alimony/Child Support Received</td><td>$_____</td><td>Other Household Expenses</td><td>$_____</td></tr>
<tr><td>Gambling Income</td><td>$_____</td><td><u>Other Expenses</u> (Itemize)</td><td></td></tr>
<tr><td><u>Other Income</u> (Itemize)</td><td></td><td>_____</td><td>$_____</td></tr>
<tr><td>_____</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>_____</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>_____</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>Total Income</td><td>$_____</td><td>Total Expenses</td><td>$_____</td></tr>
</table>

Initials _____

# ATTACHMENTS

**Item 33.**        **Documents Attached to this Financial Statement**

List all documents that are being submitted with this financial statement.

Item No. Document                                    Description of Document
        Relates To

_____       _____

_____       _____

_____       _____

_____       _____

_____       _____

_____       _____

_____       _____

_____       _____

_____       _____

        I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____       _____
(Date)                                    Signature

# ATTACHMENT B

## FEDERAL TRADE COMMISSION

## FINANCIAL STATEMENT OF CORPORATE DEFENDANT

**Instructions**:

1.      Complete all items.  Enter "None" or "N/A" ("Not Applicable") where appropriate.  If you cannot fully answer a question, explain why.

2.      In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

3.      When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

4.      Attach continuation pages as needed.  On the financial statement, state next to the Item number that the Item is being continued.  On the continuation page(s), identify the Item number being continued.

5.      Type or print legibly.

6.      An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

**Item 1.**　　　　**General Information**

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

E-Mail Address_____ Internet Home Page_____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____

Address_____ From/Until_____

Address_____ From/Until_____

All predecessor companies for past five years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

**Item 2.**　　　　**Legal Information**

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status: Active _____ Inactive _____ Dissolved _____

If Dissolved: Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____

**Item 3.**　　　　**Registered Agent**

Name of Registered Agent _____

Address _____ Telephone No. _____

Initials _____

**Item 4.**        **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

| Name & Address | % Owned |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

**Item 5.**        **Board Members**

List all members of the corporation's Board of Directors.

| Name & Address | % Owned | Term (From/Until) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**Item 6.**        **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

| Name & Address | % Owned |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

Initials _____

**Item 7.**         **Businesses Related to the Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

| Name & Address | Business Activities | % Owned |
|---|---|---|
| | | |
| | | |
| | | |

State which of these businesses, if any, has ever transacted business with the corporation _____

_____

**Item 8.**         **Businesses Related to Individuals**

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 – 6 above) have an ownership interest.

| Individual's Name | Business Name & Address | Business Activities | % Owned |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

State which of these businesses, if any, have ever transacted business with the corporation _____

_____

**Item 9.**         **Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date. A "related individual" is a spouse, sibling, parent, or child of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 – 6 above).

| Name and Address | Relationship | Business Activities |
|---|---|---|
| | | |
| | | |
| | | |

Initials _____

**Item 10.**        **Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA? |
|------|-----------|---------|---------|
|      |           |         |         |
|      |           |         |         |
|      |           |         |         |
|      |           |         |         |
|      |           |         |         |

**Item 11.**        **Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name, Address, & Telephone Number | Position(s) Held |
|-----------------------------------|------------------|
|                                   |                  |
|                                   |                  |
|                                   |                  |
|                                   |                  |

**Item 12.**        **Attorneys**

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|------|-----------|---------|
|      |           |         |
|      |           |         |
|      |           |         |
|      |           |         |
|      |           |         |

Initials _____

**Item 13.**　　　**Pending Lawsuits Filed by the Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

　　　　　　　　　　　　　　　　　　　　Initials _____

<u>Item 14.</u>          **Current Lawsuits Filed Against the Corporation**

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency. (List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Initials _____

**Item 15.**        **Bankruptcy Information**

List all state insolvency and federal bankruptcy proceedings involving the corporation.

Commencement Date _____ Termination Date _____ Docket No. _____

If State Court: Court & County _____ If Federal Court: District _____

Disposition _____

**Item 16.**        **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the benefit of the corporation. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## FINANCIAL INFORMATION

**REMINDER:  When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.**

**Item 17.**        **Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years. *Attach copies of all returns.*

| Federal/ State/Both | Tax Year | Tax Due Federal | Tax Paid Federal | Tax Due State | Tax Paid State | Preparer's Name |
|---|---|---|---|---|---|---|
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |

**Item 18.**        **Financial Statements**

Initials _____

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date. *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit & Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|------|---------------|-------------------------|---------------------|---------------------------|----------|
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |

**Item 19.**     **Financial Summary**

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 17 above, provide the following summary financial information.

|                       | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|-----------------------|----------------------|------------|-------------|-------------|
| Gross Revenue         | $                    | $          | $           | $           |
| Expenses              | $                    | $          | $           | $           |
| Net Profit After Taxes| $                    | $          | $           | $           |
| Payables              | $                    |            |             |             |
| Receivables           | $                    |            |             |             |

**Item 20.**     **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation. The term "cash" includes currency and uncashed checks.

Cash on Hand $_____ Cash Held for the Corporation's Benefit $_____

| Name & Address of Financial Institution | Signator(s) on Account | Account No. | Current Balance |
|-----------------------------------------|------------------------|-------------|-----------------|
|                                         |                        |             | $               |
|                                         |                        |             | $               |
|                                         |                        |             | $               |
|                                         |                        |             | $               |

**Item 21.**     **Government Obligations and Publicly Traded Securities**

Initials _____

List all U.S. Government obligations, including but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation. Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

## Item 22.    Real Estate

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

## Item 23.    Other Assets

Page  10                                                      Initials _____

List all other property, by category, with an estimated value of $2,500 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| Property Category | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

## Item 24.      Trusts and Escrows

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| Trustee or Escrow Agent's Name & Address | Description and Location of Assets | Present Market Value of Assets |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

## Item 25.      Monetary Judgments and Settlements Owed To the Corporation

List all monetary judgments and settlements, recorded and unrecorded, owed to the corporation.

Initials _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

**Item 26.**     **Monetary Judgments and Settlements Owed By the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed by the corporation.

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $ _____

**Item 27.**     **Government Orders and Settlements**

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency _____ Contact Person _____

Initials _____

Address _____ Telephone No. _____

Agreement Date _____ Nature of Agreement _____

## Item 28.        Credit Cards

List all of the corporation's credit cards and store charge accounts and the individuals authorized to use them.

| Name of Credit Card or Store | Names of Authorized Users and Positions Held |
| --- | --- |
| | |
| | |
| | |
| | |
| | |

## Item 29.        Compensation of Employees

List all compensation and other benefits received from the corporation by the five most highly compensated employees, independent contractors, and consultants (other than those individuals listed in Items 5 and 6 above), for the two previous fiscal years and current fiscal year-to-date. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
| --- | --- | --- | --- | --- |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |

## Item 30.        Compensation of Board Members and Officers

List all compensation and other benefits received from the corporation by each person listed in Items 5 and 6, for the current fiscal year-to-date and the two previous fiscal years. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

Page 13                                                    Initials _____

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

**Item 31.      Transfers of Assets Including Cash and Property**

List all transfers of assets over $2,500 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |

**Item 32.      Documents Attached to the Financial Statement**

List all documents that are being submitted with the financial statement.

| Item No. Document Relates To | Description of Document |
|---|---|

Page 14                                                          Initials _____

_____   _____
_____   _____
_____   _____
_____   _____
_____   _____
_____   _____
_____   _____
_____   _____
_____   _____

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____          _____
(Date)                           Signature

                                 _____
                                 Corporate Position

Page 15                                                    Initials _____

**ATTACHMENT C**

## CONSENT TO RELEASE OF FINANCIAL RECORDS

     I, _____, residing at_____,
in the United States of America, do hereby direct any bank, trust company, or financial
institution, at which I have an account of any kind or at which a corporation or natural person has
a bank account of any kind upon which I am authorized to draw, and its officers, employees, and
agents, to disclose all information and deliver copies of all documents of every nature in their
possession or control that relate to any such account to any attorney or representative of the
Federal Trade Commission, and to give evidence relevant thereto, in the matter of the *Federal
Trade Commission v. Five Star Auto Club, Inc., et al.*, CIV-99-1693, before the United States
District Court for the Southern District of New York, and this shall be irrevocable authority for
so doing.

     This direction is intended to apply to the laws of countries other than the United States
that restrict or prohibit the disclosure of financial information without the consent of the holder
of the account, or its officers, and shall be construed as consent with respect thereto, and the
same shall apply to any of the accounts for which I may be a relevant principal.

Dated:           _____, 2008

Name (print):   _____

Signature:      _____