1

2                                        NOTE: CHANGES MADE BY
                                         THE COURT
3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT
                     CENTRAL DISTRICT OF CALIFORNIA
10

11   **Federal Trade Commission**,        SA-CV-99-1266 AHS (EEx)

12                          Plaintiff,

13
                                          **PROTECTIVE ORDER**
14              v.                         **REGARDING RECEIVERSHIP**
                                          **DEFENDANTS' DOCUMENTS**
15   **Data Medical Capital, Inc., et al.,**  **AND ELECTRONIC RECORDS**

16
                           Defendants.
17

18

19

20        The Court having read and considered the Ex Parte Motion for

21   Instructions Regarding Production of Documents of the Receivership

22   Defendants to Plaintiff and Contempt Defendants (the "Motion") filed by

23   Receiver Robb Evans & Associates LLC ("Receiver"), the response of FTC and

24   opposition to the Motion by Americas Law Group, Rodis Law Group, and

25   defendant Bryan D'Antonio, and having granted the Motion in a separate Order

26   Granting Ex Parte Motion for Instructions Regarding Production of Documents

27   of the Receivership Defendants to Plaintiff and Contempt Defendants ("Records

28

Order") executed by the Court concurrently herewith, and good cause being shown therefor, it is

ORDERED as follows:

1.  This Protective Order governs the use and dissemination by Plaintiff and Contempt Defendants, as that term is defined in the Preliminary Injunction Order entered June 26, 2009 ("Preliminary Injunction Order") (collectively, Plaintiff and the Contempt Defendants are the "Parties"), of certain documents made available for inspection, inventorying, and/or copying pursuant to the Records Order.

2.  All client files of any of the Receivership Defendants, as that term is defined in the Preliminary Injunction Order, and all other documents and electronic records which disclose the name of any client of any of the Receivership Defendants and/or any personal data identifiers, as defined in Local Rule 79-5.4, of any client made available for inspection, inventorying, and/or copying by the Receiver pursuant to the Records Order shall be subject to this Protective Order ("Confidential Records").

3.  The Confidential Records shall not be disclosed by the Parties or made available by the Parties to any other person or entity, except to the following:

(a)     Attorneys of record in the above-captioned matter (the "FTC Action") and their legal staff who have a need for access to the Confidential Records;

(b)     Any expert or consultant retained by an attorney of record in the FTC Action for the purpose of consulting or testifying in the FTC Action, who has a need for access to the Confidential Records;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(c)     Persons whom attorneys of record in the FTC Action depose, in connection with their preparation to testify or during their depositions;

(d)     Persons whom attorneys of record in the FTC Action expect to call as a witness in the FTC Action, in connection with their preparation to testify;

(e)     The Court, staff, and personnel;

(f)     Attorneys representing any of the Contempt Defendants in connection with any pending or threatened criminal proceeding or investigation or State Bar proceedings related to the allegations set forth in the FTC Action which gave rise to the Preliminary Injunction Order and their legal staff who have a need for access to the Confidential Records;

(g)     Law enforcement personnel, attorneys for law enforcement personnel and State Bar personnel who are provided the Confidential Records in connection with any pending or threatened criminal investigation or proceeding or State Bar proceedings related to the allegations set forth in the FTC Action which gave rise to the Preliminary Injunction Order; and

(h)     Any other person who is designated by stipulation of the Parties and the Receiver or by order of the Court.

The Parties and persons set out at paragraph 3 (a) through (h) are collectively referred to as the "Recipients."

4.   Recipients shall be subject to the following restrictions:

(a)     Recipients shall not disclose, reveal, or transmit the Confidential Records in whole or in part to any other individual or entity, now or in the future, except as otherwise provided herein;

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(b)     Recipients shall take all steps necessary and appropriate to keep the Confidential Records in full and complete confidence, including storing and maintaining any Confidential Records in a manner that will prevent access to that information by unauthorized persons; and

(c)     Recipients shall not copy, duplicate, transfer or reproduce, in whole or in part, the Confidential Records, except as necessary for purposes consistent with this Protective Order.

5.   Recipients other than Parties shall be advised of this Protective Order and given a copy concurrently with their receipt of Confidential Records by the Parties providing the Confidential Records.

6.   Recipients shall use the Confidential Records solely in connection with the FTC Action or as otherwise expressly provided in this Protective Order and shall not use or reproduce any Confidential Records or any information derived therefrom for any other purpose.

7.   In the event any Confidential Records are used in the FTC Action, or in any other action or proceeding it shall not lose its protected status under this Order through such use.  Parties submitting filings in the FTC Action or in any other action or proceeding that makes use of Confidential Records shall file such Confidential Records under seal.

8.   All Confidential Records shall be returned to the Receiver within 30 days of a final resolution of the FTC Action or any other action or proceeding for which the Confidential Records were made available, as applicable.  In the alternative, the Recipient shall certify that it has destroyed all Confidential Records within its possession or control.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

   9.   The restrictions on the use of the Confidential Records and all information derived therefrom set forth in this Protective Order shall survive the conclusion of the FTC Action.

Dated: July 7, 2009.                    ALICEMARIE H. STOTLER
                                        Alicemarie H. Stotler
                                        United States District Judge

5