NOTE: CHANGES MADE BY THE COURT

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Federal Trade Commission**, <br><br> Plaintiff, <br><br> v. <br><br> **Data Medical Capital, Inc.**, *et al.*, <br><br> Defendants. | SA-CV-99-1266 AHS (EEx) <br><br> **Contempt Judgment as to Bryan D'Antonio, The Rodis Law Group, Inc., America's Law Group, and The Financial Group, Inc.** |

    The Court, having issued its Order Adjudicating Contempt Defendants in Contempt of Court and Findings of Fact and Conclusions of Law in Support Thereof ("Findings of Fact and Conclusions of Law") on January 15, 2010, which found Contempt Defendants Bryan D'Antonio, The Rodis Law Group, Inc. ("RLG"), America's Law Group ("ALG"), and The Financial Group, Inc. ("TFG") dba Tax Relief ASAP (collectively, "Contempt Defendants") in contempt of the Stipulated Final Judgment entered by this Court on July 13, 2001, and on March 16, 2010, after supplemental briefing and argument by the parties at a March 1, 2010 hearing, having assessed civil contempt sanctions, finding Contempt Defendants to be jointly and severally liable in the amount of $11,406,681, now enters its Contempt Judgment as follows.

**IT IS HEREBY ORDERED** that:

A.    Judgment is entered, jointly and severally, against Contempt Defendants Bryan D'Antonio, The Rodis Law Group, Inc., America's Law Group, and The Financial Group, Inc. dba Tax Relief ASAP in favor of the FTC in the amount of eleven million four hundred and six thousand six hundred and eighty-one dollars ($11,406,681) as a compensatory contempt remedy for their violation of the 2001 Stipulated Final Judgment, and is immediately due and payable. The Commission is authorized to execute upon the judgment immediately and engage in discovery in aid of execution.

B.1.    Contempt Defendants shall be deemed to have relinquished to the Commission all right, title, and interest in all Receivership Assets, and shall take any steps necessary to turn over such assets to the Commission or Receiver.

B.2.    Defendant Bryan D'Antonio shall be deemed to have relinquished to the Commission all right, title, and interest in any personal assets subject to the asset freeze imposed by the Court's May 27, 2009 Temporary Restraining Order, as modified by the Court's June 22, 2009, Preliminary Injunction Order, including, but not limited to, D'Antonio's TD Ameritrade account ending in no. 3427 and all assets and funds contained in said account. D'Antonio shall take any steps necessary to turn over such assets to the Commission.

C.    Any funds received by the FTC pursuant to the foregoing shall be deposited into a fund administered by the FTC or its representative to be used for consumer compensation, including any attendant expenses for the administration of such a compensation fund. In the event that direct compensation to consumers is wholly or partially impracticable or funds remain after compensation is completed, the Commission may apply any remaining funds for such equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any funds not so used shall be deposited to the U.S. Treasury as equitable disgorgement.

1  Contempt Defendants shall have no right to challenge the FTC's choice of
2  remedies or the manner of distribution.
3       D.    The Judgment is compensatory in nature, and not a fine, penalty,
4  punitive assessment, or forfeiture.
5       **IT IS FURTHER ORDERED** that the freeze of Contempt Defendants'
6  assets, including the assets of the Receivership Defendants and the assets of
7  Bryan D'Antonio, shall remain in effect, except as necessary for the Receiver to
8  liquidate all Receivership Assets, until all frozen assets have been transferred to
9  the Commission or the Receiver and the Receiver winds up all activities and
10 operations of the Receivership Defendants pursuant to provisions herein.  The
11 asset freeze is modified to permit transfers to the Commission pursuant to this
12 Contempt Judgment and, upon completion of those transfers, the asset freeze
13 shall be dissolved.
14      **IT IS FURTHER ORDERED**, that Robb Evans & Associates, LLC is
15 appointed as permanent receiver, with the full power of an equity receiver, for the
16 Receivership Defendants, and of all the funds, properties, premises, accounts and
17 other assets directly or indirectly owned, beneficially or otherwise, by the
18 Receivership Defendants, with directions and authority to accomplish the
19 following:
20      A.    Maintain full control of the Receivership Defendants;
21      B.    Maintain custody, control, and possession of all assets and
22 documents, including the funds, property, premises, accounts, mail and other
23 assets of, or in the possession or under the control of, the Receivership
24 Defendants, wherever situated, the income and profits therefrom, and all sums of
25 money now or hereafter due or owing to the Receivership Defendants, with full
26 power to collect, receive and take possession of all assets and documents,
27 including goods, chattels, rights, credits, monies, effects, lands, leases, books and
28 records, work papers, and records of accounts, including computer-maintained

information, contracts, financial records, monies on hand in banks and other financial institutions, and other papers and documents of the Receivership Defendants and customers of the Receivership Defendants whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendants;

  C. Continue performing all acts necessary to locate and preserve the value of those assets, in order to prevent any irreparable loss, damage or injury to customers of the Receivership Defendants, and all acts incidental thereto;

  D. Enter into agreements in connection with the administration of the Receivership Estate, including, but not limited to: (1) the retention and employment of outside investigators, attorneys or accountants of the Receiver's choice to assist, advise, and represent the Receiver with approval of the Court; (2) the movement and storage of any equipment, furniture, records, files, or other physical property of the Receivership Defendants; and (3) the retention of auctioneers or other professionals to assist in the liquidation of the Receivership Defendants' assets;

  E. Institute, prosecute, compromise, adjust, intervene in or become party to such actions or proceedings in state, federal, or foreign courts that the Receiver deems necessary and advisable to preserve or increase the value of the Receivership Estate, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, and likewise to defend, compromise, or adjust or otherwise dispose of any and all actions or proceedings instituted against the Receiver or the Receivership Defendants that the Receiver deems necessary and advisable to preserve the assets of the Receivership Defendants or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

  F. Liquidate assets of the Receivership Defendants and all assets transferred to the Receiver in accordance with the terms of this Order or any prior

or subsequent order of this Court, and to transfer receivership property to storage facilities, cancel leases, and reject and enter contracts; and

      G.    To execute all bills of sale and deeds to personal and real property belonging to or coming into the possession of the Receivership Defendants.

      H.    Immediately enforce any contempt judgment in this matter executed by the Court by taking all necessary or appropriate post-judgment collection steps, including but not limited to obtaining and levying writs of execution and creating, perfecting and enforcing judgment liens on any real or personal property of the Contempt Defendants.

**IT IS FURTHER ORDERED** that, to the extent they are not inconsistent with this Order, all powers granted to the Receiver pursuant to the Court's Preliminary Injunction Order of June 22, 2009, shall remain in full force and effect.

**IT IS FURTHER ORDERED** that the Receiver shall liquidate all assets of the Receivership Defendants and wind up all activities and operations of the Receivership Defendants and their subsidiaries and affiliated entities. Upon approval and in accordance with an order of the Court, the Receiver shall transfer to the Commission or its agent all funds in the Receivership Estate, less unpaid fees and expenses as allowed by the Court.

**IT IS FURTHER ORDERED** that the Receiver and those it employs are entitled to reasonable compensation for the performance of their duties pursuant to this Order and for the costs of actual out-of-pocket expenses incurred by them, from the Receivership Defendants' assets held by or in the possession or control of, or which may be received by, the Receiver or the Receivership Defendants. The Receiver may pay its non-member employees and independent contractors on an ongoing basis.

**IT IS FURTHER ORDERED**, that the Receiver shall, if it has not already done so, file its final application for fees with respect to the Receivership

1 Defendants within 180 days of the execution of this Order, unless good cause is
2 shown to extend the receivership beyond 180 days.  The Receiver's final
3 application for fees for the Receivership Defendants shall be served upon the
4 parties through counsel.  Plaintiff may object within 15 days of receipt, but
5 Contempt Defendants shall have no right to object.  Upon submission of the
6 Receiver's final application or upon entry of this Contempt Judgment, whichever
7 is later, and subject to the terms set forth in the provisions herein, the receivership
8 shall terminate.

9       **IT IS FURTHER ORDERED**, that Contempt Defendants shall cooperate
10 fully with the Receiver in:  (A) pursuing any and all claims by the Receiver
11 against other persons or entities; (B) assisting the Receiver in defending any and
12 all actions or claims brought against the Receiver, the Receivership Estate or the
13 Receivership Defendants by other persons or entities; (C) executing any
14 documents necessary to transfer assets or ownership interests to the Receiver
15 pursuant to the terms of this Order; and (D) refraining from any act that would
16 interfere or impede the Receiver in execution of the performance of its duties.

17       For the purposes of this Judgment, the following definitions shall apply:

18     1. "*Receiver*" means Robb Evans & Associates, LLC.
19     2. "*Receivership Assets*" means all funds and other assets of Contempt
20 Defendants RLG, ALG, and TFG subject to the asset freeze in the Court's May
21 27, 2009 Temporary Restraining Order, as modified and continued by the Court's
22 June 22, 2009 Preliminary Injunction, including but not limited to assets
23 identified by the Receiver in its June 16, 2009 Report of Temporary Receiver's
24 Activities for the Period of May 27, 2009 through June 12, 2009, and all copies
25 of any paper or electronic customer files and records of Contempt Defendants.
26     3. "*FTC*" or "*Commission*" means the Federal Trade Commission.
27     4. "*Receivership Defendants*" means Contempt Defendants Bryan
28 D'Antonio, RLG, ALG, and TFG.

1  **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED**.

Date: April 8, 2010.

                                                    ALICEMARIE H. STOTLER
                                                    Alicemarie H. Stotler
                                                   United States District Judge